

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Jennifer Gimler Brady**
**Partner**
Attorney at Law
jbrady@potteranderson.com
302 984-6042  Direct Phone
302 658-1192  Fax

December 4, 2017

**By CM/ECF**

The Honorable John E. Jones, III
United States District Court
  for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17108

>   Re:   *Philip R. Shawe v. Potter Anderson & Corroon LLP*
>   *and Kevin R. Shannon,*
>   **D. Del., C.A. No. 1:17-cv-01348-JEJ**

Dear Judge Jones:

We write on behalf of Defendants Potter Anderson & Corroon LLP and Kevin R. Shannon to respond, briefly, to the December 3, 2017 letter to Your Honor from Plaintiff's counsel, Christopher Coggins, regarding Plaintiff's Amended Complaint.

As an initial matter, we are surprised that a party already subject to a Rule 11 motion would amend his Complaint to include the one new paragraph reflected in that pleading given that, among other things, Defendants already addressed the new paragraph in their briefing on that motion.[1] As Defendants stated in their Reply Brief (D.I. 15 at 2 n.2), the sole addition reflected in the Amended Complaint -- a vague reference to a purported "backdated retainer agreement" between Elizabeth Elting's New York counsel and a non-testifying expert that was executed months before Defendants were even retained by Ms. Elting (Am. Compl. ¶ 3) -- has nothing to do with the "*prima facie* tort" claim Plaintiff purports to assert against Defendants. Moreover, like everything else in the original Complaint, the additional allegation was already raised with and rejected by the Delaware Court of Chancery. (*Id.*). Thus, the additional allegation is gratuitous at best.

This of course invites the question of why Plaintiff would amend his Complaint solely to add one paragraph with respect to an issue he certainly was aware of when he filed the original Complaint, and which does not support the sole claim asserted against Defendants. The answer is

---

[1] At the time of Defendants' Reply Brief, Plaintiff's initial, improperly filed Amended Complaint was still on the docket (D.I. 10), and Plaintiff relied on the amended allegations in his Answering Brief in opposition to the Rule 11 motion.

The Honorable John E. Jones, III
December 4, 2017
Page 2

that Plaintiff's Amended Complaint is designed only to delay. Nevertheless, as Plaintiff has chosen to amend under Rule 15(a)(1)(B), Defendants will respond accordingly. Defendants intend to move promptly to dismiss the Amended Complaint, on the same grounds as those set forth in Defendants' motion to dismiss the original Complaint.

                                              Very truly yours,

                                              */s/ Jennifer Gimler Brady*

                                              Jennifer Gimler Brady (No. 2874)

JGB/drt
5577263/44505

cc:   Clerk of the Court (by CM/ECF)
       Christopher M. Coggins, Esquire (by CM/ECF)