IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILLIP R. SHAWE, | : | 1:17-cv-1348-JEJ |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| | : | |
| POTTER ANDERSON & | : | |
| CORROON LLP and KEVIN R. | : | |
| SHANNON, | : | |
| | : | |
| Defendants, | : | |

## MEMORANDUM & ORDER

### December 8, 2017

The undersigned is sitting by designation in the District of Delaware.

Presently pending before the Court is a motion for sanctions filed by the

Defendants on November 7, 2017. (the "Motion") (Doc. 8). The Motion is fully

briefed (Docs. 9, 13, 15) and is therefore ripe for our review. For the reasons that

follow, the Motion is granted and the Court shall *sua sponte* dismiss the amended

complaint. (Doc. 19).

## I.    BACKGROUND

Plaintiff Phillip R. Shawe owns forty-nine percent of the shares of common

stock issued by TransPerfect Global, Inc. ("TransPerfect") (Doc. 19, ¶ 5).

Defendant Potter Anderson & Corroon, LLP ("Potter") is a Delaware law firm that

represented Shawe's former business partner, Elizabeth Elting, in a previous

lawsuit in the Delaware Court of Chancery. (*Id.*, at ¶¶ 6, 8). Defendant Kevin R. Shannon is a partner at Potter who participated in the representation of Elting in the Court of Chancery. (*Id.*, at ¶ 7).

## 1. Delaware Court of Chancery Proceedings

The entirety of Shawe's complaint concerns the Defendants' alleged conduct during the litigation in the Court of Chancery. On August 13, 2015, following a six-day trial, the Court of Chancery issued a lengthy memorandum granting Elting's petition for dissolution of TransPerfect. *In re Shawe & Elting LLC*, 2015 WL 4874733 (Del. Ch. Aug. 13, 2015), *aff'd sub nom. Shawe v. Elting*, 157 A.3d 152 (Del. 2017) (the "Merits Opinion"). On July 20, 2016, the Court of Chancery granted Elting's motion for sanctions against Shawe for exercising "bad faith and vexatious litigation conduct" that "permeated the litigation of the Merits Trial." *In re Shawe & Elting LLC*, 2016 WL 3951339, at *19 (Del. Ch. July 20, 2016), *aff'd sub nom. Shawe v. Elting*, 157 A.3d 142 (Del. 2017), *cert. denied*, 2017 WL 2181462 (U.S. Oct. 2, 2017) (the "Sanctions Opinion").

The Court of Chancery ordered Shawe to pay Elting: "(1) 33% of her attorneys' fees and expenses incurred in connection with the litigation of the Merits Trial (including computer expert expenses but not including other experts) from December 2, 2015 up to the resolution of the Merits Trial, i.e., the date on which the Merits Opinion was issued, plus (2) 100% of her attorneys' fees and expenses

(including computer expert expenses) incurred in connection with the litigation of the Sanctions Hearing." *Id.*, at *20. Shannon, on behalf of himself and Potter, filed an affidavit with the Court of Chancery in support of their estimated attorneys' fees and costs. (Doc. 12, Ex. C).

On August 19, 2016, after overruling certain of Shawe's objections to the fees, the Court of Chancery entered a Final Order and Judgment requiring Shawe to pay $7,103,755 to Elting. (Doc. 9, Exhibit K). Shawe filed a motion to amend the order of sanctions, arguing in part that "manifest injustice" would result if the Court of Chancery did not require Shannon and Potter to provide an itemization of its fees incurred during the merits trial. (*Id*). The Court of Chancery rejected this argument, affirmed its finding that Shannon and Potter's fee estimations were reasonable, and reiterated that well-settled law allows for the court to exercise discretion in determining the level of submission required to establish attorneys' fees. (*Id*). The Court further held that "it is reasonable to assume that the magnitude of fees at issue here would be less than $25,000 even if one assumed that [Potter's] estimate included some amounts" for objectionable fees. (*Id.*, at ¶ 5). The Court of Chancery therefore denied Shawe's motion to amend on September 20, 2016. (Doc. 9, Exhibit K).

The Supreme Court of Delaware thereafter affirmed the Court of Chancery on both its Merits Opinion and its Sanctions Opinion. *Shawe v. Elting*, 157 A.3d

152 (Del. 2017); *Shawe v. Elting*, 157 A.3d 142 (Del. 2017). The United States

Supreme Court denied Shawe's petition for writ of certiorari on the Sanctions

Opinion. *Shawe v. Elting*, 2017 WL 2181462 (U.S. Oct. 2, 2017).

## 2. Shawe's Subsequent Lawsuits

Defendants have directed the Court's attention to several subsequent

lawsuits filed by Shawe that seek to attack the Court of Chancery's final decisions.

Attached at Exhibit G to the Defendants' brief in support of their Motion is an

unpublished decision by the Supreme Court of New York from June 29, 2017.

(Doc. 9, Ex. G). Therein, the court dismissed with prejudice and costs three

lawsuits brought by Shawe due to their "borderline frivolity" and because "the

claims in these cases [are] infirm by virtue of the rulings of the Delaware courts

and the Appellate Division." *Shawe v. Elting*, 2017 WL 2882221, *28, *8 (N.Y.

June 29, 2017). The court summarized the lawsuits as follows:

> The three cases now before this court (in addition to others not at
> issue on the instant motions) represent some of Shawe's most recent
> collateral challenges to the loss he suffered in Delaware. They are
> replete with revisionist history that borders on downright frivolity. It
> is as if the Delaware proceedings, and its notable holdings, never
> occurred. Indeed, in addition to the damning substantive findings
> made against Shawe in the Post-Trial Decision, the Chancellor also
> issued a scathing, yet equally thorough decision dated July 20, 2016,
> in which Shawe was sanctioned for engaging in egregious
> misconduct.

*Id.*, at *1. In closing, the court issued a stern warning to Shawe and his

mother, who was his co-Plaintiff and also a party in the Delaware proceedings:

> Finally, given the borderline frivolity of these lawsuits, Phillip and
> Shirley Shawe are cautioned that the maintenance of future suits in
> this court that are barred by the outcome of the Delaware action may
> result in sanctions and a filing injunction. It is time for this saga to
> end. Judicial economy militates against further depleting the court's
> time and resources.

*Id*., at \*\*28-29. Defendants also point to a September 26, 2017

memorandum and opinion from Judge Gregory Sleet of the Delaware District

Court where Shawe again attempted to re-litigate the Court of Chancery rulings.

Judge Sleet dismissed an action brought by Shawe and his mother against the

Secretary of State for the State of Delaware and the court-appointed custodian

from the Court of Chancery proceedings. *Shawe v. Pincus*, 2017 WL 4251440, at

\*1 (D. Del. Sept. 26, 2017). The court dismissed the complaint pursuant to the

*Rooker-Feldman* doctrine, which "bars federal district courts from hearing cases

'that are essentially appeals from state-court judgments.'" *Id*., at \*2 (*citing Great*

*W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir.

2010)).

### 3. The Instant Action

Shawe initiated this lawsuit against the Defendants on September 24, 2017

with the filing of a complaint. (Doc. 1). The complaint alleges just one cause of

action for "prima facie tort" for "maliciously and intentionally" misrepresenting

certain fees incurred in the Court of Chancery during the computation of the order

of sanctions. (Doc. 1, ¶ 48). Shawe filed an amended complaint on December 1,

5

2017, adding just one additional summary paragraph in the "Nature of the Action" portion. (Doc. 19). The entirety of the allegations against Potter and Shannon concern their submission of fee estimates for the order of sanctions in the Delaware Court of Chancery. The basis for federal jurisdiction is Shawe's allegation that the amount in controversy exceeds $75,000. (Doc. 19, ¶ 11).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides that, after giving notice and a reasonable opportunity to respond, if the Court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11(b) states that by "presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). The party or attorney further certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include

nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

"It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances . . . with reasonableness defined as an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). "Generally, sanctions are prescribed 'only in the 'exceptional circumstance' where a claim or motion is patently unmeritous or frivolous.'" *Id*.

## III.   DISCUSSION

Defendants seek imposition of sanctions against Shawe and his attorney Christopher M. Coggins of Coggins Law, LLC. (Doc. 9, p. 2). The bases for Rule 11 sanctions are twofold: first, Defendants argue that the purpose of the action is to harass and re-litigate matters already conclusively decided in the Delaware Court

7

of Chancery and affirming courts, in violation of Rule 11(b)(1). (Doc. 9, pp. 4-5).

Second, Defendants argue that Shawe's claims are frivolous attempts to reverse the

loss he suffered in the Delaware Court of Chancery, in violation of Rule 11(b)(2).

(*Id.*, at pp. 5-7). Defendants seek dismissal of the action with prejudice, monetary

sanctions, and a nationwide filing injunction against Shawe and Coggins that

permanently enjoins them from attempting to re-litigate matters already decided by

other courts. (*Id.*, at p. 2).

The Court has no qualms holding that this litigation represents the

"exceptional circumstances" that justify an imposition of sanctions. *Ford Motor

Co. v. Summit Motor Prod., Inc*., 930 F.2d 277, 289 (3d Cir. 1991). Shawe seeks

redress for the Defendants' allegedly improper accounting of fees for an order of

sanctions that has been reviewed both by the implementing court in a motion to

amend and by the Delaware Supreme Court. The Delaware Court of Chancery

twice considered and twice rejected the very same allegations Shawe includes in

his complaint in the instant action. Several courts have found that a pleading or

motion that merely repeats previously unsuccessful claims to be harassing,[1] and it

is clear to the Court that this litigation was initiated for that purpose.

---

[1] *See, e.g.*, *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003) ("We
have previously stated that '[w]ithout question, successive complaints based upon propositions
of law previously rejected may constitute harassment under Rule 11'"); *Nugget Hydroelectric*,
*L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992); *Cannon v. Loyola
Univ. of Chicago*, 784 F.2d 777, 782 (7th Cir. 1986).

Furthermore, Shawe has been put on notice by, at the very least, the New York Supreme Court and the Delaware District Court that it is improper to seek redress for claims that are barred by the Court of Chancery rulings. Rule 11 "was designed to prevent abuse." *Gaiardo v. Ethyl Corporation*, 835 F.2d 479, 482 (3d Cir. 1987). Shawe's repeated attempt to re-litigate issues that have been conclusively decided and affirmed in the Delaware courts is the very abuse that Rule 11 seeks to deter. We find that Shawe's purpose in presenting the Court with the complaint and the amended complaint was to harass the Defendants and to abuse the court system, in violation of Rule 11(b)(1).

Regarding Shawe's attorney, we find that Coggins violated Rule 11(b)(2) by presenting the Court with the complaint and the amended complaint. An attorney has an obligation not to file claims that are "patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010). The complaint and amended complaint specifically seek redress for alleged action that occurred within the Court of Chancery litigation. Both the complaint and the amended complaint *specifically acknowledge* that the Court of Chancery has already considered and rejected Shawe's claims of misconduct. (Doc. 19, ¶¶ 26, 40). We hold that any reasonable attorney would have known that Shawe's allegations had no meritorious basis in

the law and would be rejected as an attempt to collaterally attack the Court of Chancery judgment.

Finally, we take issue with the allegation in the complaint and the amended complaint that the amount in controversy exceeds $75,000. (Doc. 1, ¶ 10). (Doc. 19, ¶ 11). This allegation forms the basis of subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Yet, as Defendants pointed out, the Court of Chancery specifically found that *even if* the Defendants had calculated their fees incorrectly, the very action that Shawe alleges, "it is reasonable to assume that the magnitude of fees at issue here would be less than $25,000." (Doc. 9, Ex. K, ¶ 5). Shawe offered no response to this in his brief in opposition to the Motion. A party violates Rule 11(b) by pleading factual contentions that do not have evidentiary support. Fed. R. Civ. P. 11(b)(3). However, because we are dismissing the action with prejudice, we did not ask the parties to brief the issue of the amount of controversy and will not make a factual determination on the validity of the amount alleged. Instead we note this issue as further evidence of Shawe's apparent disregard for the previous Court of Chancery rulings and requirements of a valid complaint.

The Court finds that imposition of reasonable attorneys' fees and costs is an adequate sanction for Shawe and Coggins' violations of Rule 11. We note that Rule 11(c)(5)(a) prohibits a court from imposing monetary sanctions "against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(a). We will

therefore allocate 50% of the reasonable attorneys' fees and costs to be paid by Shawe for his violation of Rule 11(b)(1), and 50% of the reasonable attorneys' fees and costs to be paid by Coggins for his violation of Rule 11(b)(2). The Court will also dismiss the action with prejudice. We specifically find that imposition of attorneys' fees and costs is necessary to deter Shawe from continuing his harassing litigation behavior; it is clear from the three dismissals in the New York Supreme Court and the dismissal in a fellow Delaware District Court that mere dismissal of the action would be insufficient for deterrence.

Regarding the Defendants' pursuit of a filing injunction, we note that the New York Supreme Court warned Shawe that sanctions would issue if he stayed his course of repeated frivolous litigation and specifically notified Shawe of the possibility of a filing injunction. We agree with Defendants that it appears that Shawe may not be adequately deterred by dismissal and an order of sanctions, as he has faced both in the history of his litigation efforts related to these matters. However, because a filing injunction is such a drastic remedy, we will echo the New York Supreme Court's warning and afford Shawe a "strike two" in declining to issue an injunction. In doing so, we express our opinion that any future court plagued by subsequent frivolous lawsuits brought by Shawe to collaterally attack the Delaware rulings should very seriously consider imposing an injunction to put a final end to this behavior.

## IV.     CONCLUSION

For the foregoing reasons, the motion for sanctions (Doc. 8) shall be granted. Plaintiff Phillip R. Shawe will be ordered to pay 50% of the Defendants' attorneys' fees and expenses incurred in connection with the defense of this civil action for his violation of Rule 11(b)(1). Plaintiff's attorney, Christopher M. Coggins of Coggins Law, LLC, will be ordered to pay 50% of the Defendants' attorneys' fees and expenses incurred in connection with the defense of this civil action for his violation of Rule 11(b)(2).Within ten days of the date of this order, Defendants shall file a proposed implementing order stating the amount of the reasonable attorneys' fees and expenses, along with an affidavit documenting the same. The proposed order shall provide for the sanctions to be paid within ten days of entry of that order.

In addition, the Court shall *sua sponte* dismiss the amended complaint with prejudice because it was brought in bad faith and it is frivolous, and as part of the sanctions imposed against the Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendants' motion for sanctions (Doc. 8) is **GRANTED**.

    a.  Within ten (10) days, the Defendants **SHALL FILE** a proposed order in accordance with the sanctions determination reflected in this memorandum.

2.  Plaintiff's amended complaint (Doc. 19) is **DISMISSED**, with prejudice.


s/ John E. Jones III
John E. Jones III
U.S. District Judge